Lingel H. Winters, Esq. (State Bar No. 37759)
LAW OFFICES OF LINGEL H. WINTERS, P.C.
388 Market Street, Suite 900
San Francisco, California 94111
Tel:  (415) 398-2941
Email:  sawmill2@aol.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

ROSEANA WEARTHERWAX,

                    Plaintiff,

            v.

TAKATA CORPORATION, TK HOLDINGS
INC., TOYOTA MOTOR CO., LTD.,
TOYOTA R&D CO., LTD., TOYOTA
MOTORCO., INC., AND TOYOTA MFG.,
INC.,

                    Defendants.

Case No:

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

        PLAINTIFF, Roseana Wheartherwax  (hereinafter "Plaintiff"), by and through the

undersigned Counsel of Record and pursuant to the Federal Rules of Civil Procedure, and files this

Complaint for Damages against the above named Defendants, Takata Corporation, TK Holdings

Inc., Toyota Motor Co., Ltd., Toyota R&D Co., Ltd., Toyota Motor Co., Inc., and Toyota Mfg., Inc.

(hereinafter collectively the "Defendants") allege as follows:

### NATURE OF THE ACTION

        1.        Plaintiff purchased a Toyota Corolla 2005, which has lost value due to the national

disclosure of the propensity of Takata airbags, installed on her 2005 Toyota automobile (hereafter

"The Vehicle") to explode and cause injury.

        2.        The Plaintiff brings this automotive, products liability action for her injuries

1    sustained, including and but not limited to loss of value due to threat of injury, and for punitive

2    damages.

3          3.      This action includes claims for general negligence, gross negligence, reckless conduct

4    and breach of warranty, which arise out of the Defendant Manufacturers' faulty design, selection,

5    inspection, testing, manufacture, assembly, equipping, marketing, distribution, and sale of an

6    uncrashworthy, defective, and unreasonably dangerous automobile and automobile airbag system.

7                                            **PARTIES**

8          4.      At all times relevant herein, Plaintiff Roseana Weartherwax is and was a citizen and

9    resident of the State of California and the lawful purchaser and owner of a 2005 Toyota Corolla

10   automobile in which Takata airbags were installed (hereinafter the "Vehicle.")

11         5.      At all times relevant herein, Defendant Takata Corporation("Takata")isandwasa

12   foreign for-profit corporation organized  and existing under the laws of Japan with its principal place

13   of business at ARK Hills South Tower 4-5 Roppongi 1-Chome, Minato-ku, Tokyo, 106-8488, Japan.

14   Takata is a specialized supplier of automotive safety systems, that designs, manufactures,

15   assembles, tests, markets, distributes, and sells vehicle restraint systems to various Original

16   Equipment Manufacturers("OEM's"), including Toyota, in the United States and abroad, including

17   specifically the airbag incorporated and used by Toyota in its airbag safety system in Plaintiff's

18   Vehicle.  Takata is a vertically-integrated company and manufactures component parts in its own

19   facilities, and then distributes them.

20         6.      At all times relevant herein, Defendant TK Holdings Inc. ("TK Holdings") is and was

21   a Delaware corporation and subsidiary and/or operational unit of Takata, headquartered in Auburn

22   Hills, Michigan, with its principal place of business at 2500 Takata Drive, Auburn Hills, Michigan

23   48326. TK Holdings is in the business of designing, manufacturing, assembling,  testing,  promoting,

24   advertising,  distributing and selling vehicle restraint systems to various OEM's, including Toyota,

25   including the airbag incorporated and used by Toyota in its airbag safety system in the subject

26   Vehicle.  Additionally, TK Holdings has also been identified in various materials as manufacturing

27   the "inflators" in the frontal airbag systems that are rupturing or exploding with unreasonably

28   dangerous, excessive concussive force and which in many instances have injured vehicle occupants

COMPLAINT FOR DAMAGES

1    with shrapnel or concussive impacts, as well as the "propellant" or explosive charge used within the

2    inflator itself.  TK Holdings also is involved in the distribution of such airbag systems to OEM's,

3    including Toyota.  Moreover, to the extent the United States Department of Transportation ("DOT")

4    by and through the Secretary of Transportation has delegated authority to the Chief Counsel of the

5    National Highway Traffic Safety Administration (hereinafter "NHTSA") by a "Special Order" dated

6    October 30, 2014, to investigate this safety issue, it is TK Holdings that has been ordered to provide

7    responses to "demands [for] certain information and documents" provided and "signed under oath"

8    no later than "December 1, 2014," as to its newly initiated "PE14-016 Airbag Inflator Rupture"

9    investigation.[1]

10         7.       Defendants Takata and TK Holdings are hereinafter collectively referred to as

11   "Takata" or "Takata Defendants."  Takata is the manufacturer of the airbag in Plaintiffs' Vehicle,

12   which was recalled subsequent to the Incident which forms the subject matter of this Complaint.

13         8.       At all times relevant herein, Defendant Toyota Motor Co., Ltd. ("Toyota Motor") is

14   and was a foreign for-profit corporation organized and existing under the laws of Japan with its

15   principal place of business at Toyota Motor manufactures and sells, automobiles, and power

16   products through its related subsidiaries and/or operating units, including but not limited to Toyota

17   R&D Co., Ltd., Toyota Motor Co., Inc., and Toyota, Mfg., Inc., independent retail dealers, outlets,

18   and authorized dealerships primarily in Japan, North America, Europe, and Asia, including the

19   subject Vehicle.  Toyota Motor has been directly involved in the safety investigation and

20   determinations made as to the motor vehicle safety issues arising from the defective and

21   unreasonably dangerous condition of certain Toyota brand vehicles it designs, manufactures and

22   distributes for sale to the consuming public, including the subject Vehicle.  Toyota Motor has

23   actively been involved in the developing knowledge of this motor vehicle safety issue by Toyota

24   entities over the last decade, and the actions and/or inactions of same relating to this public safety

25   hazard.

26         9.       At all times relevant herein, Defendant Toyota R&D Co., Ltd. ("Toyota R&D") is

27   _____

28   [1] *See*, NHSTA Special Order Directed to TK Holdings Inc., dated October 30, 2014.

COMPLAINT FOR DAMAGES

1  and was a foreign for-profit corporation organized and existing under the laws of Japan with its

2  principal place at Japan.  Toyota R&D is a subsidiary of Toyota Motor, works in conjunction with

3  Toyota Motor Co., Inc., and Toyota of America, Mfg., Inc., is responsible  for  the  research,  design

4  and safety technologies for same, and was responsible for the design, development, manufacture,

5  assembly, testing, distribution and sale of Toyota brand vehicles utilizing Takata airbags primarily

6  in Japan, North America, Europe, and Asia, including the subject Vehicle.  Toyota R&D has been

7  involved in the safety investigation and determinations made as to the motor vehicle safety issues

8  arising from the defective and unreasonably dangerous condition of certain Toyota brand vehicles it

9  designs, manufactures and distributes for sale to the consuming public, including the subject

10  Vehicle.  Toyota R&D has actively been involved in the developing knowledge of this motor vehicle

11  safety issue by Toyota entities over the last decade, and the actions and/or inactions of same relating

12  to this public safety hazard.

13          10.     At all times relevant herein, Defendant Toyota Motor Co., Inc. is and was a California

14  corporation and a subsidiary of Toyota Motor, headquartered in with its principal place of business

15  at 1919 Torrance Blvd.  Toyota designs, manufactures, assembles, tests, markets, promotes,

16  advertises, distributes and sells Toyota Motor and brand cars, trucks, and sport utility vehicles in the

17  United States, including the subject Vehicle.  Toyota has been identified by HMC as the

18  "Manufacturer's Agent" in its National Highway Traffic Safety Administration (hereinafter

19  "NHTSA") communications related to this motor vehicle safety issue involving exploding,

20  unreasonably dangerous Takata airbags in Toyota brand vehicles and has been directly involved in

21  the safety investigation and determinations made as to the motor vehicle safety issues arising from

22  the defective and unreasonably dangerous condition of certain Toyota brand vehicles it makes,

23  including the subject Vehicle.  Additionally, Toyota is responsible for the development  of Toyota

24  brand vehicles in the United States including California, including testing and has acquired

25  knowledge of this Takata airbag motor vehicle safety issue by Toyota entities over the last decade,

26  and the actions and/or inactions of same relating to this public safety hazard.  Finally, to the extent

27  the United States DOT by and through the Secretary of Transportation has delegated authority to the

28  Chief Counsel of NHTSA by a "Special Order" dated November 5, 2014, to investigate this safety

COMPLAINT FOR DAMAGES

1    issue, it is AHM who has been ordered to provide responses to "demands [for] certain information

2    and documents" provided and "signed under oath" no later than "December 15, 2014," as to its

3    newly initiated "PE14-016 Air Bag Inflator Rupture" investigation.

4         11.    At all times relevant herein, Defendant Toyota Mfg., Inc. (Toyota Mfg.) is and was a

5    corporation and subsidiary of a subsidiary of Toyota Motor, headquartered in Mar ?. Toyota Mfg.

6    designs, manufactures, assembles, tests, markets, promotes, advertises, distributes and sells Toyota

7    Motor and/or Toyota brand cars, trucks, and sport utility vehicles in the United States, including the

8    subject Vehicle. Toyota Mfg. has been directly involved in the safety investigation and

9    determinations made as to the motor vehicle safety issues arising from the defective and

10   unreasonably dangerous condition of certain Toyota brand vehicles it makes, including the subject

11   Vehicle.  Moreover, Toyota Mfg. has actively been involved in the developing knowledge of this

12   motor vehicle safety issue by Toyota entities over the last decade, and the actions and/or inactions of

13   same relating to this public safety hazard.

14        12.    At all times relevant herein, Defendants Toyota Motor Co., TK Holdings, Inc.,

15   Toyota Motor Co., Ltd., Toyota R&D Co. Ltd., Toyota MotorCo, Inc., and Toyota Mfg. Inc. are

16   collectively referred to as "Toyota" or "Toyota Defendants."  Toyota vehicles  sold in the United

17   States contain airbags manufactured by the Takata Defendants.  NHTSA has recalled millions of

18   Toyota vehicles for having faulty Takata airbags, including the Vehicle involved in the Incident

19   which forms the subject matter of this Complaint.  Upon information and belief, the Toyota

20   Defendants are all directly responsible for Plaintiff's injuries and damages, which were caused by

21   the defective inflator incorporated into the airbag safety system in the subject Vehicle which could

22   explode, with inappropriately violent and excessive force, to expel shrapnel and result in the injuries

23   and damages sought herein.

### JURISDICTION AND VENUE

25        13.    Jurisdiction is proper in this court as plaintiff is a resident of the Northern District of

26   California.

27        14.    Accordingly, Plaintiff is filing this action as if it has been filed in the judicial district

28   in which she resides.

COMPLAINT FOR DAMAGES

15.     By filing this Complaint in this District, however, Plaintiff does not waive her right to transfer this case to the District where the cause of action arose or in which she resides at the conclusion of pretrial proceedings.

16.     This Honorable Court has diversity jurisdiction over this action under 28 U.S.C. §1332.

17.     This Court has personal jurisdiction over all Defendants party to this act, because they conduct substantial business in this District, and some of the actions giving rise to this Complaint took place in this District.

18.     Venue is proper in this District under 28 U.S.C. § 1391(a) because all of the Defendants, as corporate entities, are deemed to reside in any judicial district in which they are subject to personal jurisdiction.  Additionally, all of the Defendants party to this action transact business within this District, and some of the events establishing the claims arose in this District.

19.     Upon information and belief, at the time of the Incident, the Vehicle and its component sub-assemblies at issue in this action were in the same essential condition as they were at the time that they left the Defendant Manufacturers' control.

20.     Plaintiff's Vehicle lost value due to the propensity of the property of the frontal driver airbags installed on Plaintiff's Vehicle to explode internally with excessive force which caused the metal inflator canister to rupture resulting in the entire air bag module and inflator to explode violently resulting in flying shrapnel and ineffective airbag deployment causing post-crash enhanced injures.

21.     Plaintiff's Vehicle was recalled by Toyota as a result of defects in the Vehicle's driver's frontal airbag system, but Plaintiff did not have any direct knowledge of that recall or that her Vehicle was among the cars recalled.

22.     Accordingly, as a result of the defective and unreasonably dangerous condition of the Vehicle, Plaintiff has suffered damages for which she now brings suit.

## AGGRAVATING CIRCUMSTANCES

23.     Airbags area critical component in the safety features of virtually every motor vehicle sold in the United States and throughout the world.  Currently, over 30,000 people are killed in

1  motor vehicle accidents each year in the United States.  Remarkably, that number is nearly half of

2  what it was in 1966, when over 50,000 Americans died in car crashes.  The drastic reduction is, in

3  large part, due to tremendous advances in vehicle occupant safety, including the wide spread use of

4  seat belts and airbags.

5       24.    In order to prevent serious injury and death resulting from bodily impact with the

6  hard interior surfaces of automobiles, like windshields, steering columns, dashboards, and

7  accelerometers and sensors in the vehicle frame trigger the vehicle airbags to deploy.  Because

8  collisions can occur at rates of speed that can cause serious injury, to be effective, airbags must

9  deploy timely and at appropriate velocity to be effective, but not subject the occupant to additional

10  unnecessary harm.  To accomplish this, the airbag system is triggered through highly conductive

11  metals, such as gold, and the airbag systems use small explosive charges to immediately inflate the

12  airbags upon being triggered.

13       25.    Defendant Takata is the world's second largest manufacturer of automotive safety

14  devices, including airbags.  Takata has supplied airbags to U.S. consumers and to state and local

15  governmental purchasers since at least 1983.  Airbags made up 37.3% of Takata's automotive safety

16  products business in 2007.  Takata also develops other safety technologies, including cushions and

17  inflators, which are components of Takata-manufactured airbags.

18       26.    This case flows directly from the now admitted fact that Takata's explosive charge

19  components in its airbag systems were defectively manufactured, since as early as 2001, and perhaps

20  earlier, an deliberately and continuously placed into the stream-of- commerce by Takata, despite

21  repeated and known reports of injuries and deaths to the consumer public caused by their products.

22       27.    More specifically, the airbags at issue in this case were developed by Takata in the

23  late 1990s in an effort to make airbags more compact and to reduce the toxic fumes that earlier

24  airbag models emitted when deployed.  There designed airbags are inflated by means of an explosive

25  based on ammonium nitrate, a common compound used in fertilizer.  That explosive is encased in a

26  metal canister.

27       28.    Takata Corporation has, since at least 2007, claimed to prioritize driver safety as its

28

"dream."[2]  Based on that "dream," they claimed to be "motivated by the preciousness of life" and pledged to both "communicate openly and effectively."[3]  Takata has failed to live up to that dream, however, by manufacturing, distributing, and selling airbags that can cause serious bodily injury or death since that time.

29.     Airbags are meant to inflate timely during an automobile collision but with only such force necessary to cushion the occupant from impact to the vehicle's interior and not cause additional enhanced injury.  When people operate a motor vehicle or ride in one as a passenger, they trust and rely on the manufacturers of those motor vehicles to make those vehicles safe. The Defective Vehicles contain airbags manufactured by Defendant Takata that, instead of protecting vehicle occupants from bodily injury during accidents, violently explode with excessive force, and in many incidents rupture, expelling lethal amounts of metal debris and shrapnel at vehicle occupants.

30.     More specifically, rather than deploying the airbags to prevent injuries, the defective Takata airbag inflators  quite literally blow up like hand-grenades, sending lethal metal and plastic shrapnel into the vehicle cockpit and into the bodies of the drivers and passengers.  In fact, in one otherwise non-catastrophic collision, responding police opened a homicide investigation because it appeared that the deceased driver had been stabled multiple times in the head and neck immediately before crashing her car.  In truth and fact, the defective Takata airbag had exploded and killed the driver by sending metal and plastic fragments into her body.

31.     Takata knew of the deadly airbag defect at least 13 years ago, but did nothing to prevent on going injury and loss of life.  Takata's first airbag defect recall stemmed from defective manufacturing in 2000, but was limited (by Takata) to a recall of select Isuzu vehicles. In Alabama, in 2004, a Takata airbag in a Honda Accord exploded, shooting out metal fragments which gravely injured the driver.  Toyota and Takata unilaterally deemed it "an anomaly" and did not issue a recall, adequately investigate it themselves, or seek the involvement of federal safety regulators. Instead, they brushed it under the rug:  Takata kept making defective airbags; and Honda kept putting them

---

[2] Takata Company Investor's Meeting Presentation – Investment Highlights, FY 2007, at 3.

[3] Id.

in its vehicles while marketing them as highly safe and of high quality.

32.     Further, prior to designing, selecting, inspecting, testing, manufacturing, assembling, equipping, marketing, distributing, and/or selling the Vehicle, the Toyota Defendant Manufacturers knew that alternative driver's and passenger's frontal airbag system designs existed, that they were safer, more practical and both technologically and economically feasible for inclusion in the Vehicle, and they were aware that those alternative designs would have eliminated the defective and unsafe characteristics of the Vehicle without impairing its usefulness or making it  too expensive, yet they failed to make the necessary changes to make their products safe.

33.     Also, despite the shocking records of injuries, like this one, and deaths caused by Takata products dating back to at least 2004, both Takata and Toyota were slow to report the full extent of the danger to drivers and passengers which existed, and Toyota specifically, failed to issue appropriate recalls to keep its car buyers safe.

34.     As a result, the Vehicle contained a driver's side airbag manufactured by the Takata Defendants that, instead of protecting vehicle occupants from bodily injury during accidents, violently exploded, with excessive force, to expel shrapnel into certain vehicles containing Takata airbags.

35.     An automotive component supplier that manufactures and sells airbags in automobiles and vehicle manufacturers must take all necessary steps to ensure that its products — which can literally mean the difference between life and death in an accident — function as designed, specified, promised, and intended.  Profits must take a backseat to safety for the airbag manufacturer and the automobile manufacturer in making its product sourcing decisions. Yet Takata Defendants and Toyota Defendants both put profits ahead of safety.  Takata cut corners to build cheaper airbags, and Toyota bought its airbags from Takata to save money.  The result is that instead of saving lives, faulty Takata airbags in Toyota automobiles are killing and maiming drivers and passengers involved in otherwise minor and survivable accidents.

36.     Even more alarming, rather than take the issue head-on and immediately do everything in their power to prevent further injury and loss of life, the Defendant Manufacturers actively conspired and engaged in a pattern of deception and obfuscation, only very recently

COMPLAINT FOR DAMAGES

beginning a partial recall of affected vehicles.  Indeed, the danger of exploding airbags and the number of vehicles affected was not disclosed for years after it became apparent there was a potentially lethal problem.  Instead, Takata Defendants and Toyota Defendants repeatedly failed to fully investigate the problem and issue proper recalls, allowing the problem to proliferate and cause numerous injuries and deaths over the last 13 years. They, also, have continued provided contradictory and inconsistent explanations to regulators for the defects in Takata's airbags, leading to more confusion and delay.

37.      It was not until 2013 that a more detailed recounting of Takata's safety failures finally admitted that its affected inflators were installed as original equipment in vehicles manufactured  by car manufacturers including Toyota, Honda, Nissan, Mazda, and BMW.[4]  Also in that Report, Takata asserted that it did not know how many inflators were installed in vehicles, as it did not have those records.[5]  While it did not have the information to estimate the number of vehicles affected, Takata still insisted that the total number of installed inflators would be extremely low.[6]

38.      To date, over 18 million vehicles with Takata's airbags have been recalled worldwide, and there are reports that additional vehicles that have not yet been disclosed by the Defendants could join the list of recalls.  The large majority of those recalls have come only within the last year despite the fact that many of the vehicles were manufactured with a potentially defective and dangerous airbag over a decade ago.

39.      The full scope of the defects, however, still has yet to be determined.  More information about Takata's defective airbags continues to be uncovered today, and upon information and belief, there are thousands of Toyota Defendants drivers and passengers and vehicle owners and operators that still remain at risk today due to the un-recalled defective vehicles still on the road.

40.      U.S. federal prosecutors have taken notice of Takata and Toyota Defendants' failure

---

[4] See Takata's Defect Information Report titled, "Certain Airbag Inflators Used as Original Equipment," dated April 22, 2013, at Page 2-3.

[5] *Id.*

[6] *Id.*

COMPLAINT FOR DAMAGES

1   to properly report the problem with its airbags and are trying to determine whether Takata and/or

2   Toyota deliberately misled U.S. regulators about the number of defective airbags it sold to

3   automakers.

4        41.    Takata and Toyota Defendants knew or should have known that the Takata airbags

5   installed in millions of vehicles, including the subject Vehicle, were defective.  And both Takata and

6   Toyota Defendants, who concealed their knowledge of the nature and extent of the defects from the

7   public, have shown a blatant disregard for public welfare and safety.

8   **CONDITIONS PRECEDENT**

9        42.    All conditions precedent to the bringing of this action and Plaintiff's rights to the

10   relief sought herein have occurred, have been performed or have been excused.

11   **CLAIMS FOR RELIEF**

12   **FIRST CLAIM FOR RELIEF**

13   **(Negligence, Gross Negligence, Willful and Wanton**

14   **Conduct: Design Defect As to All Defendants)**

15        43.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth

16   fully herein.

17        44.    At all times relevant herein, Defendants Takata, TK Holdings and Toyota Defendants

18   designed, selected, inspected, tested, assembled, equipped, marketed, distributed, and sold the

19   Vehicle and its components, including but not limited to, equipping it with its driver's frontal airbag

20   system.

21        45.    At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants

22   designed the Vehicle and its driver's frontal airbag system and each Defendant owed Plaintiff a duty

23   of reasonable care to design, select, inspect, test, assemble, equip, market, distribute, and sell the

24   Vehicle and its components, including the driver's frontal airbag system, so that it would provide a

25   reasonable degree of occupant protection and safety during foreseeable collisions occurring in the

26   real world highway environment of its expected use.

27        46.    At all times relevant herein, as designed, selected, inspected, tested, assembled

28   equipped,  marketed, distributed, and sold by Defendants Takata, TK Holdings, and Toyota

1    Defendants, the Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe

2    for foreseeable users and occupants because its driver's frontal airbag system is and was

3    inadequately designed and constructed, and failed to provide the degree of occupant protection, and

4    safety a reasonable consumer would expect in foreseeable accidents occurring in the real world

5    environment of its expected use.

6           47.    At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants

7    each were collectively and respectively negligent, grossly negligent, willful, wanton, reckless and

8    careless in the design of the subject Vehicle and breached their duties of care owed to Plaintiff by:

9           a.    failing to adopt and implement adequate safety hierarchy procedures and

10                policies;

11          b.    failing to design, manufacture, test, assemble and/or install the driver's airbag

12                system so as to prevent it from having excessively energetic propellant,

13                deploying with excessive force, and/or from expelling shrapnel in foreseeable

14                collisions to kill or injure drivers or passengers upon airbag deployment

15                during the same;

16          c.    failing to design, test, assemble and/or install the driver's airbag system so

17                that it was properly vented and would adequately deflate under foreseeable

18                impacts;

19          d.    failing to ensure that the subject Vehicle was reasonably crashworthy;

20          e.    failing to exercise reasonable care in the design of the subject Vehicle and its

21                driver's frontal airbag system;

22          f.    failing to exercise reasonable care in the testing of the subject Vehicle and its

23                driver's frontal airbag system;

24          g.    failing to exercise reasonable care in the inspection of the subject Vehicle and

25                its driver's frontal airbag system;

26          h.    failing to adopt and implement adequate warnings regarding subject Vehicle

27                and its driver's frontal airbag system;

28          i.    failing to incorporate appropriate quality assurance procedures in design of the

12

COMPLAINT FOR DAMAGES

1    of the subject Vehicle and its driver's frontal airbag system; and

2        j.        and on such other and further particulars as the evidence may show.

3    48.    At all times relevant, as a direct and proximate result of Defendants Takata, TK

4    Holdings, and Toyota Defendants' negligence and the breaches complained of herein, Plaintiff has

5    suffered serious and permeant injuries including scarring, excruciating pain and suffering, mental

6    anguish, and emotional distress from her accident on October 9, 2014.

7        49.    WHEREFORE, Plaintiff demands judgment against Defendants, Takata, TK

8    Holdings, and Toyota Defendants, jointly and severally, for all actual and compensatory damages

9    she suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct

10   from being repeated, together with interest, if applicable, for all costs of this action, and for any

11   other such further relief as this Honorable Court and/or jury may deem just and proper.

12                              **SECOND CLAIM FOR RELIEF**

13                        **(Negligence, Gross Negligence, Willful and Wanton**

14                    **Conduct: Manufacturing Defect As to All Defendants)**

15       50.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth

16   fully herein.

17       51.    At all times relevant herein, all Defendants, Takata, TK Holdings, and Toyota

18   Defendants, took part in and/or were responsible for the manufacture, selection, inspection, testing,

19   design, assemblage, equipment, marketing, distribution, and/or sale of the Vehicle and its component

20   parts, including but not limited to its defective driver's frontal airbag system, to Plaintiff.

21       52.    At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants

22   manufactured the Vehicle and its driver's frontal airbag system and each Defendant owed Plaintiff a

23   duty of reasonable care to manufacture, select, inspect, test, assemble, equip, market, distribute, and

24   sell the Vehicle and its components, including the driver's frontal airbag system, so that it would

25   provide a reasonable degree of occupant protection and safety during foreseeable collisions

26   occurring in the real world highway environment of its expected use.

27       53.    At all times relevant herein, as manufactured, selected, inspected, tested, assembled,

28   equipped, marketed, distributed, and sold by Defendants, Takata, TK Holdings, and Toyota

13

COMPLAINT FOR DAMAGES

1   Defendants, the Vehicle is and was uncrashworthy, defective, unreasonably dangerous, and unsafe

2   for foreseeable users and occupants because its driver's frontal airbag system is inadequately

3   designed and constructed, and failed to provide the degree of occupant protection, and safety a

4   reasonable consumer would expect in foreseeable accidents occurring in the real world environment

5   of its expected use.

6           54.     At all times relevant herein, Defendants Takata, TK Holdings, and Toyota

7   Defendants each were collectively and respectively negligent, grossly negligent, willful, wanton,

8   reckless and careless and breached their duties of care owed to Plaintiff by:

9           a.      failing to adopt and implement adequate safety hierarchy procedures and

10                  policies;

11          b.      failing to manufacture, test, assemble and/or install the driver's airbag system

12                  so as to prevent it from having excessively energetic propellant, deploying

13                  with excessive force, and/or from expelling shrapnel in foreseeable collisions

14                  to kill or injure drivers or passengers upon airbag deployment during the

15                  same;

16          c.      failing to manufacture, test, assemble and/or install the driver's airbag system

17                  so that it was properly vented and would adequately deflate under foreseeable

18                  impacts;

19          d.      failing to ensure that the subject Vehicle was reasonably crashworthy;

20          e.      failing to exercise reasonable care in the manufacture of the subject Vehicle

21                  and its driver's frontal airbag system;

22          f.      failing to exercise reasonable care in the testing of the subject Vehicle and its

23                  driver's frontal airbag system;

24          g.      failing to exercise reasonable care in the inspection of the subject Vehicle and

25                  its driver's frontal airbag system;

26          h.      failing to adopt and implement adequate warnings regarding subject Vehicle

27                  and its driver's frontal airbag system;

28          i.      failing to incorporate appropriate quality assurance procedures in manufacture

---

14

COMPLAINT FOR DAMAGES

1    of the subject Vehicle and its driver's frontal airbag system; and

2         j.    and on such other and further particulars as the evidence may show.

3         55.    As a direct and proximate result of the Defendants Takata, TK Holdings, and Toyota

4    Defendants' negligence and the breaches complained of herein, Plaintiff suffered serious and

5    permeant injuries including scarring, excruciating pain and suffering, mental anguish, and emotional

6    distress, from her accident on October 9, 2014.

7         56.    By reason of the foregoing, Plaintiff is entitled to recover for all general and special

8    damages she sustained as a direct and proximate result of Defendants' negligent and grossly

9    negligent acts or omissions.

10        57.    WHEREFORE, Plaintiff demands judgment against Defendants Takata, TK

11   Holdings, and Toyota Defendants jointly and severally, for all actual and compensatory damages she

12   suffered, as well as for punitive damages in an  amount sufficient to keep such wrongful conduct

13   from being repeated, together with interest, if  applicable, for all costs of this action, and for any

14   other such further relief as this Honorable Court and/or jury may deem just and proper.

15                        **THIRD CLAIM FOR RELIEF**

16   **(Violation of California Bus. & Prof. Code Sections 17200 Unfair Competition)**

17        58.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth

18   fully herein.

19        59.    At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants

20   engaged in designing, testing, manufacturing, distributing, selling, and/or placing a defective and

21   unreasonably dangerous product into the stream of commerce in conduct that was fraudulent, unfair

22   and wrongful in violation of California Bus. & Prof. Code section 17200.

23        60.    At all times relevant herein, the subject Vehicle and its driver's side airbag system

24   were defective and unreasonably dangerous as to its design, manufacture, distribution and warnings,

25   causing the Vehicle to be in a defective condition that made it unreasonably dangerous for its

26   intended use.

27        61.    At all times relevant herein, all Defendants Takata, TK Holdings, and Toyota

28   Defendants all took some part in the manufacture and sale of the subject Vehicle and its driver's side

airbag system to Plaintiff.

62.    At all times relevant, the subject Vehicle was being used in an intended and/or foreseeable manner when the Incident alleged herein occurred.  Plaintiff neither misused nor materially altered the subject Vehicle, and upon information and belief, the subject Vehicle was in the same or substantially similar condition that it was in at the time of purchase.

63.    At all times relevant herein, the subject Vehicle is and was unreasonably dangerous and defective because it was designed, manufactured and sold with an excessively volatile inflator in the driver's side airbag system which deployed with dangerously excessive explosive force, exploded violently, and expelled sharp shrapnel during airbag deployment in foreseeable collision.

64.    At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants were aware of feasible alternative designs which would have minimized or eliminated altogether the risk of injury posed by the Vehicle and its driver's side airbag system.

65.    At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants had a duty to warn users of the dangers associated with by the Vehicle and its driver's side airbag system.

66.    At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants failed to warn of the inherent and latent defects that made this product dangerous and unsafe for its intended use.

67.    At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants failed to design, test, manufacture, inspect, and/or sell a product that was safe for its intended use.

68.    As a direct and proximate result of the Defendants, Takata, TK Holdings, and Toyota Defendants' negligence, failures, omissions, and breaches complained of herein, Plaintiff has incurred damages therefrom.

69.    WHEREFORE, Plaintiff demands judgment against Defendants Takata, TK Holdings, and Toyota Defendants, jointly and severally, for all actual and compensatory damages she suffered, as well as for punitive damages in an  amount sufficient to keep such wrongful conduct from being repeated, together with interest, if  applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

COMPLAINT FOR DAMAGES

## FOURTH CLAIM FOR RELIEF

### (Failure to Warn As to All Defendants)

70. Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

71. At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants, as manufacturers of subject Vehicle and its driver's frontal airbag system, owed duties to warn of foreseeable dangerous conditions of the subject Vehicle which would impair its safety.

72. At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants knew or should have known that the subject Vehicle's driver's frontal airbag system had an excessively energetic inflator and would deploy with excessive explosive force in foreseeable collisions, as well as expel shrapnel that could injure or kill occupants.

73. At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants would have had and had no reason to believe that users would realize this potential danger.

74. At all times relevant herein, Defendants Takata, TK Holdings, and Toyota Defendants affirmatively failed to exercise reasonable care to inform users of the Vehicle's dangerous condition created by the excessively energetic inflator in the driver's frontal airbag system or explosive nature of the inflator that could expel shrapnel.

75. As a direct and proximate result of Defendants Takata, TK Holdings, and Toyota Defendants' failure to warn of the dangers posed by the shrapnel and excessively energetic inflator in the driver's frontal airbag system in the subject Vehicle and the breaches complained herein, Plaintiff has suffered damages.

76. By reason of the foregoing, Plaintiff is entitled to recover for all general and special damages she sustained as a direct and proximate result of Defendants' negligent and grossly negligent acts or omissions.

77. WHEREFORE, Plaintiff demands judgment against Defendants Takata, TK Holdings, and Toyota Defendants, jointly and severally, for all actual and compensatory damages she suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any

17

1   other such further relief as this Honorable Court and/or jury may deem just and proper.

2   **FIFTH CLAIM FOR RELIEF**

3   **(Breach of Implied Warranties As to the Toyota Defendants)**

4   78.     Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth

5   fully herein.

6   79.     At all times relevant herein, the Toyota Defendants are and were "merchants" with

7   respect to the Vehicle at issue in this Complaint.

8   80.     At all times relevant herein, the Toyota Defendants manufactured and sold the subject

9   Vehicle as "good" within the meaning of the relevant statutory provisions.

10   81.     Consequently, at the time of its sale to Plaintiff, the Toyota Defendants impliedly

11   warranted that the subject Vehicle was merchantable, including that it was fit for its ordinary

12   purposes as safe passenger vehicles that it could pass without objection in the trade, and that it was

13   adequately contained, packaged, and labeled.

14   82.      At all times relevant herein, the Toyota Defendants breached the implied warranty of

15   merchantability as it concerns Plaintiff because the subject Vehicle was not fit for the ordinary

16   purposes for which it was anticipated to be used — namely as a safe passenger motor vehicle.

17   83.     Specifically, the subject Vehicle's driver's side airbag system was unreasonably

18   dangerous and defective because it was designed, manufactured and sold with a Takata inflator that

19   had the propensity to explode with overly excessive force and expel sharp metal shrapnel into the

20   passenger compartment during normal airbag deployment in foreseeable collisions and conditions,

21   which made the subject Vehicle unfit for its ordinary purpose of providing safe transportation.

22   84.     At all times relevant herein, the Toyota Defendants further breached the implied

23   warranty of merchantability to Plaintiff as the subject Vehicle they designed, manufactured and sold

24   was equipped with a driver's side airbag inflator that had the tendency to deploy with overly

25   excessive force and expel sharp metal shrapnel into the passenger compartment during normal airbag

26   deployment in foreseeable collisions and conditions, therefore, without objection in the trade.

27   85.     At all times relevant herein, the Toyota Defendants further breached the implied

28   warranty of merchantability to Plaintiff because the subject Vehicle was not adequately contained,

packaged, and labeled in that the directions and warnings that accompanied the subject Vehicle did not adequately instruct its owner on the proper use of the Vehicle in light of the fact that the driver's side airbag inflator had the propensity to explode with overly excessive force and expel sharp metal shrapnel into the passenger compartment during normal airbag deployment in foreseeable collisions and conditions.

86.    As a direct and proximate result of the Toyota Defendants' collective and respective breaches of the implied warranty of merchantability, as alleged herein, Plaintiff suffered damages.

87.    WHEREFORE, Plaintiff demands judgment against the Toyota Defendants, jointly and severally, for all actual and compensatory damages suffered, as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, for all costs of this action, and for any other such further relief as this Honorable Court and/or jury may deem just and proper.

## SIXTH CLAIM FOR RELIEF

### (Punitive Damages As to All Defendants)

88.    Plaintiff adopts and re-alleges each prior paragraph, where relevant, as if set forth fully herein.

89.    In addition to the general and special damages suffered by Plaintiff and proximately caused by the Defendant manufacturers' bad actions and inactions, as it concerns the defective operations and performance of the Vehicle, and as previously alleged and set forth in this Complaint, Plaintiff also, as a further result of Defendants' reckless, willful, negligent and grossly negligent conduct, is entitled to recover punitive damages in accordance with the law and evidence in this case in an amount to be determined at trial.

90.    More specifically, the actions and inactions of Defendants Takata, TK Holdings, and Toyota Defendants were of such a character as to constitute a pattern or practice of willful, wanton and reckless misconduct and caused serious and substantial harm to the Plaintiff, resulting insignificant and ongoing damages arising from the matters at issue in this Complaint.

91.    Furthermore, Defendants Takata, TK Holdings, and Toyota Defendants have acted with such a conscious and flagrant disregard for the rights and safety of Plaintiff, and/or have

COMPLAINT FOR DAMAGES

1  deliberately engaged in willful, wanton and reckless disregard for the life and safety of the Plaintiff

2  so as to entitle her to punitive and exemplary damages in an amount sufficient to keep such wrongful

3  conduct from being repeated.

4          92.     WHEREFORE, Defendants Takata, TK Holdings, and Toyota Defendants are liable,

5  and Plaintiff demands judgment for punitive and exemplary damages, plus interest, costs and

6  attorneys' fees for having to bring this action, and any such other and further relief as this Honorable

7  Court or jury may deem just and proper in an amount to be determined at trial.

8                              **<u>PRAYER FOR RELIEF</u>**

9          **WHEREFORE**, Plaintiff prays as follows:

10         a.      For a trial by jury and judgment against Defendants Takata, TK Holdings, and Toyota

11 Defendants for such sums as actual and other compensatory damages, including pain and suffering

12 and permanent impairment, in an amount as a jury may determine and in excess of the minimum

13 jurisdictional limit of this Honorable Court;

14         b.      For exemplary and punitive damages against Defendants Takata, TK Holdings, and

15 Toyota Defendants in an amount as a jury may determine to halt such conduct;

16         c.      For the costs of this suit, including attorney's fees; and

17         d.      For such other and further relief to which they may be entitled and as this Honorable

18 Court may deem just and proper.

19                          **<u>REQUEST FOR TRIAL BY JURY</u>**

20         Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by

21 jury as to all issues triable by jury, as enumerated and set forth in more detail in this Complaint.

22                                      Respectfully Submitted,

23                                      **LAW OFFICES OF LINGEL H. WINTERS**

24

25 Dated:  May 3, 2016               By:  */s/ Lingel H. Winters*
                                         LINGEL H. WINTERS
26                                        Attorneys for Plaintiffs

27

28

---

COMPLAINT FOR DAMAGES